IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>and<br>STATE OF TEXAS,<br><br>Plaintiffs,<br><br>v.<br><br>AIR PRODUCTS LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:10-cv-03074<br><br>CONSENT DECREE |

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), and Plaintiff State of Texas ("State"), on behalf of the Texas Commission on Environmental Quality ("TCEQ"), have filed a Complaint in this action concurrently with this Consent Decree, alleging that Defendant Air Products LLC ("Air Products" or "Defendant") violated the Resource Conservation and Recovery Act ("RCRA" or "the Act"), 42 U.S.C. § 6901(a) *et seq.*, and the Texas Solid Waste Disposal Act ("TSWDA"), TEX. HEALTH & SAFETY CODE § 361.001 *et seq.,* at the chemical manufacturing facility that Air Products owns and operates in Pasadena, Texas ("the Facility"). The Complaint alleges that Air Products or its predecessors in interest, from at least 1990 until September 4, 2009, sent spent sulfuric acid, a hazardous waste, to the nearby phosphoric acid facility owned by Agrifos Fertilizer, Inc. ("Agrifos") or its predecessors in interest, which facility was not permitted as a RCRA hazardous waste treatment, storage or disposal facility. This sulfuric acid contained

concentrations of 2,4-Dinitrotoluene (2,4-DNT; hazardous waste code D030) that exceeded the regulatory limit of 0.13 mg/l. The spent acid also exhibited the hazardous characteristic of corrosivity, with pH below 2.0. The United States and the State allege in their complaint that the handling of the spent sulfuric acid during that time period violated RCRA's implementing regulations as set forth in 40 C.F.R. §§ 262.11, 270.10, 268.7(a), 266.21, 266.22, 270.1, and 262.41, and the TSWDA's corresponding regulations at 30 TEXAS ADMIN. CODE §§ 335.62, 335.2(b), 335.6, 335.431, 335.212, 335.213, 335.71, 335.2, and 335.43. The Complaint also alleges that Air Products's failure to label a hazardous waste storage tank at the time of EPA's inspection of the Facility in April 2006 violated the implementing regulations set forth at 40 C.F.R. § 262.34 and 30 TEXAS ADMIN. CODE §§ 335.66 and 335.67.

Air Products maintains that the sulfuric acid sent to Agrifos and its predecessors was a product that was purposefully produced since the inception of its Facility and that this product was not a solid waste or a hazardous waste. Air Products does not admit any liability to the United States or the State arising out of the transactions or occurrences alleged in the Complaint.

On September 5, 2009, Air Products permanently ceased sending its spent sulfuric acid to Agrifos, sending it instead to an on-site Sulfuric Acid Concentration Plant ("SAC Plant"). EPA has determined that this action appears to have been effective until the date of lodging of this Consent Decree in ensuring compliance with the RCRA and TSWDA provisions that the United States and the State allege were violated prior to September 5, 2009.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 3008(a) and (g) of RCRA, 42 U.S.C. §§ 6928(a) and (g), over the Parties. This Court has supplemental jurisdiction over the State law claims, asserted by the State of Texas under TEX. WATER CODE §§ 7.032 & 7.105, pursuant to 28 U.S.C. § 1367.  Venue lies in this District pursuant to Section 3008(a) of RCRA, 42 U.S.C. § 6928(a);  TEX. WATER CODE  §§ 7.032(c) and 7.105(c); and 28 U.S.C. §§ 1391(b), 1391(c) and 1395(a), because Air Products does business in the Southern District of Texas, the Facility is located in this District, and the alleged violations of RCRA and the TSWDA occurred in this District.  For purposes of this Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree and any such action and over Defendant and consents to venue in this judicial district.

2.      For purposes of this Consent Decree, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Sections 3008(a) and (g) of RCRA, 42 U.S.C. §§ 6928(a) and (g);  TEX. HEALTH & SAFETY CODE  § 361.273; and TEX. WATER CODE §§ 7.101 & 7.102.

## II. <u>APPLICABILITY</u>

3.      The obligations of this Consent Decree apply to and are binding upon the United States and the State, and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

4.      No transfer of ownership or operation of the Facility, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Defendant of its obligation to ensure that the terms of the Decree are implemented.  At least 30 Days prior to such transfer, Defendant shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to EPA Region 6, the United States Department of Justice, and the State in accordance with Section XIII of this Decree (Notices).  Any attempt to transfer ownership or operation of the Facility without complying with this Paragraph constitutes a violation of this Decree.

5.      Defendant shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties include the obligation to perform actions required by any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree.  Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

6.      In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III. DEFINITIONS

7.      Terms used in this Consent Decree that are defined in the Act or in regulations authorized by the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.      "Complaint" shall mean the complaint filed by the United States and the State in this action;

b.      "Consent Decree" or "Decree" shall mean this Decree;

c.      "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

d.      "Defendant" shall mean Air Products LLC;

e.      "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

f.      "Effective Date" shall have the definition provided in Section XIV;

g.      "Facility" shall mean Defendant's chemical processing facility located in Pasadena, Texas;

h.      "Paragraph" shall mean a portion of this Decree identified by an Arabic numeral;

i.      "Parties" shall mean the United States, the State, and Defendant;

j.      "SAC Plant" shall mean the Sulfuric Acid Concentration Plant that

Air Products constructed and began operating in 2009 at its Pasadena Facility;

           k.    "Section" shall mean a portion of this Decree identified by a Roman numeral;

           l.    "State" shall mean the State of Texas, acting on behalf of the TCEQ;

           m.    "TCEQ" shall mean the Texas Commission on Environmental Quality, an agency of the State of Texas; and

           n.    "United States" shall mean the United States of America, acting on behalf of EPA.

## IV. CIVIL PENALTY

8.    Within 30 Days after the Effective Date of this Consent Decree, Defendant shall pay the sum of $1,485,000 (ONE MILLION FOUR HUNDRED EIGHTY-FIVE THOUSAND DOLLARS) as a civil penalty, together with interest accruing from the date on which the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.  Of this amount, a civil penalty of $1,350,000 shall be paid to the United States and a civil penalty of $135,000 shall be paid to the State of Texas; the interest shall be paid to each governmental entity in proportion to its share.

9.    Payment Instructions:

           a.    Defendant shall pay the civil penalty due to the United States by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Defendant, following lodging of the Consent Decree, by the Financial Litigation Unit of the U.S. Attorney's Office for the Southern District of Texas.  At the

time of payment, Defendant shall send a copy of the EFT authorization form and the EFT

transaction record, together with a transmittal letter, which shall state that the payment is for the

civil penalty owed pursuant to the Consent Decree in United States and Texas v. Air Products

LLC, and shall reference the civil action number and DOJ case number 90-7-1-09206, to the

United States in accordance with Section XIII of this Decree (Notices); by email to

acctsreceivable@CINWD@epa.gov; and by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

        b.      Defendant shall pay the civil penalty due to the State by Electronic

Funds Transfer ("EFT") to the  Comptroller of Public Accounts, State of Texas, for the Attorney

General's Suspense Account, using the following instructions:

| | |
|---|---|
| Financial Institution: | TX COMP AUSTIN |
| Routing Number: | 114900164 |
| Account Name: | Comptroller of Public Accounts |
| | Treasury Operations |
| Account Number to Credit: | 463600001 |
| Reference: | AIR PRODUCTS; AG No. 093154425 |
| Attention: | Office of the Attorney General |
| | Chief, EPAL Div. (463-2012) |
| Contact: | Abel Rosas, Fin. Rptg (475-4380) |

At the time of payment, Defendant shall likewise send a copy of the EFT authorization form and

the EFT transaction record, together with a transmittal letter, which shall state that the payment is

for the civil penalty owed pursuant to the Consent Decree in United States and Texas v. Air

Products LLC, and shall reference the civil action number and AG No. 093154425, to the State in

accordance with Section XIII of this Decree (Notices).

10.     Defendant shall not deduct any penalties paid under this Decree pursuant to this Section or Section VII (Stipulated Penalties) in calculating its federal income tax.

## V. <u>COMPLIANCE REQUIREMENTS</u>

11.     Defendant Air Products shall comply with RCRA's implementing regulations as set forth in 40 C.F.R. §§ 262.11, 270.10, 268.7(a), 266.21, 266.22, and 262.41, and the TSWDA's corresponding regulations at 30 TEXAS ADMIN. CODE §§ 335.62, 335.2(b), 335.6, 335.431, 335.212, 335.213, 335.71, 335.2, 335.43, and 335.66, regarding the generation, transportation, treatment, storage and disposal of the Facility's spent sulfuric acid hazardous waste.

12.     Beginning on the Effective Date of this Decree, Defendant Air Products shall not send spent sulfuric acid to Agrifos; nor shall Air Products send it for:

   a.  treatment;

   b.  storage;

   c.  disposal;

   d.  use in a manner that constitutes disposal, as that term is defined in 40 C.F.R. §§ 266.20 and 261.2(c)(1); or

   e.  incorporation into a product that is so used,

to any other facility that does not possess appropriate RCRA authorization to receive it.  Within 30 Days of the Effective Date of this Decree, Defendant will submit to EPA and the TCEQ a letter describing its compliance with this Paragraph.  This letter will be certified in accordance with Paragraph 19 and will be substantially in the form provided as Appendix A to this Decree.

13.     Defendant Air Products shall notify EPA and the TCEQ within ten Days if for any reason during the effective period of this Decree it either (a) disposes of spent sulfuric acid that would otherwise be managed by the SAC Plant or (b) ships spent sulfuric acid off-site.

14.     Within 30 Days of the Effective Date of this Decree, Defendant will submit to EPA and the TCEQ a letter describing its compliance with relevant provisions regarding hazardous waste tanks at the Facility.  This letter will be certified in accordance with Paragraph 19 and will be substantially in the form provided as Appendix B to this Decree.

## VI.  REPORTING REQUIREMENTS

15.     If Defendant violates, or determines that it will violate, any requirement of this Consent Decree, Defendant shall notify the United States and the State of such violation and its likely duration, in writing, within 14 Days after the Day Defendant first becomes aware of the violation, with an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation.  Nothing in this Paragraph or the following Paragraph relieves Defendant of its obligation to provide the notice required by Section VIII of this Consent Decree (Force Majeure).

16.     Whenever any violation of this Consent Decree, or any other event affecting Defendant's performance under this Decree, may pose an immediate threat to the public health or welfare or the environment, Defendant shall notify EPA and the TCEQ orally or by electronic or facsimile transmission as soon as possible, but no later than 24 hours after Defendant first knew of the violation.  This procedure is in addition to the requirements set forth in the preceding Paragraph.

17.    If there has been no violation of this Decree during the year after the Effective Date of this Decree, Defendant shall submit, within thirty (30) Days after the one-year anniversary of the Effective Date of this Decree, a certification substantially in the form provided as Appendix C to this Decree, confirming that Air Products has been in compliance with the provisions of Section V of this Decree since the Effective Date of the Consent Decree. If there has been a violation of this Decree during the year after the Effective Date, Air Products shall provide such certification one year after the violation has been cured, for the year prior to such certification.

18.    All reports shall be submitted to the persons designated in Section XIII of this Consent Decree (Notices).

19.    Each report submitted by Defendant under this Section shall be signed by an official of the submitting party and include the following certification:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

20.    The reporting requirements of this Consent Decree do not relieve Defendant of any reporting obligations required by RCRA, the TSWDA, or their implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

21.     Any information provided pursuant to this Consent Decree may be used by the United States and/or the State in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VII.  STIPULATED PENALTIES

22.     Defendant shall be liable for stipulated penalties to the United States and the State for violations of this Consent Decree as specified below, unless excused under Section VIII (Force Majeure).  A violation includes failing to perform any obligation required by the terms of this Decree, according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

23.     Late Payment of Civil Penalty.  If Defendant fails to pay the civil penalty required to be paid under Section IV of this Decree (Civil Penalty) when due, Defendant shall pay a stipulated penalty of $3000 per Day for each Day that the payment is late.

24.     Reporting/Notification Requirements.  The following stipulated penalties shall accrue per violation per Day for each violation of the reporting requirements of Section VI of this Consent Decree, or for any failure to provide timely notice due pursuant to Paragraph 16:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $750 | 1st through 14th Day |
| $1000 | 15th through 30th Day |
| $2000 | 31st Day and beyond |

25.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation of the Consent Decree occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the

11

violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

26.     Defendant shall pay any stipulated penalty within 30 Days of receiving the United States' or the State's written demand.

27.     Stipulated penalties shall be paid in the following proportions: 90% to the United States and 10% to the State of Texas.

28.     The United States and the State may in the unreviewable exercise of their discretion reduce or waive stipulated penalties otherwise due them under this Consent Decree.

29.     Defendant shall pay stipulated penalties owing to the United States and the State in the manner set forth and with the confirmation notices required by Paragraph 9, except that the transmittal letters shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

30.     If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States or the State from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

31.     Subject to the provisions of Section XI of this Consent Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States and/or the State for Defendant's violation of this Consent Decree or applicable law. Where a violation of this Consent Decree is also a violation of RCRA, the TSWDA, or their

implementing regulations, Defendant shall be allowed a credit, for any stipulated penalties paid,

against any statutory penalties imposed for such violation.

## VIII. <u>FORCE MAJEURE</u>

32.     "Force majeure," for purposes of this Consent Decree, is defined as any

event arising from causes beyond the control of Defendant, of any entity controlled by

Defendant, or of Defendant's contractors, that delays or prevents the performance of any

obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation.

The requirement that Defendant exercise "best efforts to fulfill the obligation" includes using best

efforts to anticipate any potential force majeure event and best efforts to address the effects of

any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any

resulting delay to the greatest extent possible.  "Force Majeure" does not include Defendant's

financial inability to perform any obligation under this Consent Decree.

33.     If any event occurs or has occurred that may delay the performance of any

obligation under this Consent Decree, whether or not caused by a force majeure event, Defendant

shall provide notice orally or by electronic or facsimile transmission as soon as possible, as

provided in Section XIII of this Decree (Notices), but not later than 72 hours after the time when

Defendant first knew that the event might cause a delay.  Within seven Days thereafter,

Defendant shall provide in writing to EPA and TCEQ an explanation and description of the

reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to

prevent or minimize the delay; a schedule for implementation of any measures to be taken to

prevent or mitigate the delay or the effect of the delay; Defendant's rationale for attributing such

delay to a force majeure event if it intends to assert such a claim; and a statement as to whether,

13

in the opinion of Defendant, such event may cause or contribute to an endangerment to public health, welfare or the environment.  Defendant shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure.  Failure to comply with the above requirements shall preclude Defendant from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure.  Defendant shall be deemed to know of any circumstance of which Defendant, any entity controlled by Defendant, or Defendant's contractors knew or should have known.

34.     If EPA, after a reasonable opportunity for review and comment by the State, agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation.  EPA will notify Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

35.     If EPA, after a reasonable opportunity for review and comment by the State, does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify Defendant in writing of its decision.

## IX. <u>INFORMATION COLLECTION AND RETENTION</u>

36.     The United States, the State, and their representatives, including attorneys, contractors, and consultants, shall have the right of entry into the Facility, at all reasonable times, upon presentation of credentials, to:

   a.     monitor the progress of activities required under this Consent Decree;

   b.     verify any data or information submitted to the United States or the State in accordance with the terms of this Consent Decree;

   c.     obtain samples and, upon request, splits of any samples taken by Defendant or its representatives, contractors, or consultants;

   d.     obtain documentary evidence, including photographs and similar data; and

   e.     assess Defendant's compliance with this Consent Decree.

37.     Upon request, Defendant shall provide EPA and the State, or their authorized representatives, splits of any samples taken by Defendant.  Upon request, EPA and the State shall provide Defendant splits of any samples taken by EPA or the State.

38.     Until five years after the termination of this Consent Decree, Defendant shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to Defendant's performance of its obligations under Sections IV, V, and VI of this Consent Decree.  This

information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon request by the United States or the State, Defendant shall provide copies of any non-privileged documents, records, or other information required to be maintained under this Paragraph.

39. At the conclusion of the information-retention period provided in the preceding Paragraph, Defendant shall notify the United States and the State at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States or the State, Defendant shall deliver any such documents, records, or other information to EPA or the State. Defendant may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by applicable law. If Defendant asserts such a privilege, it shall provide the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendant. Defendant shall not assert a legal privilege for any data, records or information (excluding legal advice) generated or received in connection with Defendant's obligations pursuant to the requirements of this Consent Decree.

40. Defendant may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. As to any information that Defendant seeks to protect as CBI, Defendant shall follow the procedures set forth in 40 C.F.R. Part 2.

41.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States or the State pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## X.  **DISPUTE RESOLUTION**

42.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.

43.     Informal Dispute Resolution.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Defendant sends the United States and the State a written Notice of Dispute.  Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed 30 Days from the date the dispute arises, unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the government shall be considered binding unless, within 30 Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below.

44.     Formal Dispute Resolution.  Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States and the State a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or

17

opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

45. The United States, after consultation with the State, shall serve its Statement of Position within 45 Days of receipt of Defendant's Statement of Position. The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States. The United States' Statement of Position shall be binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

46. Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States and the State, in accordance with Section XIII of this Consent Decree (Notices), a motion requesting judicial resolution of the dispute. The motion must be filed within 14 Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

47. The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court. Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

## XI. **EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS**

48.    This Consent Decree resolves the civil claims of the United States and the State for the violations alleged in the Complaint filed in this action through the date of lodging of this Consent Decree.

49.    The United States and the State reserve all legal and equitable remedies available to enforce the provisions of this Consent Decree, except as expressly stated in Paragraph 48. This Consent Decree shall not be construed to limit the rights of the United States or the State to obtain penalties or injunctive relief under RCRA, the TSWDA, or implementing regulations, or under other federal or state laws, regulations, or permit conditions, except as expressly specified in Paragraph 48. The United States and the State further reserve all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, Defendant's Facility, whether related to the violations addressed in this Consent Decree or otherwise.

50.    This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States and the State do not, by their consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act, 42 U.S.C. § 6901(a) *et seq.*; the

TSWDA, TEX. HEALTH & SAFETY CODE § 361.001 *et seq.*; or with any other provisions of federal, state, or local laws, regulations, or permits.

51.    This Consent Decree does not limit or affect the rights of Defendant or of the United States or the State against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

52.    This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## XII. COSTS AND FEES

53.    Within 30 Days of the Effective Date of this Consent Decree, Defendant shall make a payment of $15,000 to the State of Texas for the State's attorneys' fees.  Defendant shall make this payment in conformance with the provisions of paragraph 9(b), except that the transmittal letter shall state that the payment is "for the attorneys' fees" rather than "for the civil penalty" owed pursuant to the Consent Decree.

54.    The Parties shall bear their own costs of this action, including attorneys' fees other than those described in Paragraph 53, except that the United States and the State shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## XIII. NOTICES

55.    Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

20

To the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611
Ben Franklin Station
Washington, D.C.  20044-7611
Re: DOJ No. 90-7-1-09206

with copy to:

Deborah Gitin, Trial Attorney
U.S. Department of Justice (ENRD/EES)
301 Howard St., Suite 1050
San Francisco, CA 94105
Re: DOJ No. 90-7-1-09206

and

Jeffrey Page
Office of Regional Counsel (6RC-E)
U.S. Environmental Protection Agency
Region VI
1445 Ross Ave.
Dallas, TX 75202

Ragan Broyles, Associate Director
Hazardous Waste Enforcement Branch (6EN-H)
U.S. Environmental Protection Agency
Region VI
1445 Ross Ave.
Dallas, TX 75202

To EPA:

Jeffrey Page
Office of Regional Counsel (6RC-E)
U.S. Environmental Protection Agency
Region VI
1445 Ross Ave.
Dallas, TX 75202

Ragan Broyles, Associate Director

Hazardous Waste Enforcement Branch (6EN-H)
U.S. Environmental Protection Agency
Region VI
1445 Ross Ave.
Dallas, TX 75202

To the State of Texas

Stephanie Bergeron Perdue
Deputy Director
Office of Legal Services
Texas Commission on Environmental Quality
P.O. Box 13087 (MC 175)
Austin, Texas 78711-3087
Phone: (512) 239-0600
Fax: (512) 239-0330

and

Chief, Envtl. Protection Section
Envtl. Protection and Admin. Law Division
(Attn: Thomas H. Edwards, Asst. Atty. Gen.)
Office of the Attorney General (018)
P.O. Box 12548
Austin TX  78711-2548
Or deliver to:
Wm. P. Clements State Office Bldg.
300 W. 15th St., Fl. 10
Austin TX  78701-1649
Phone: (512) 463-2012
Fax: (512) 320-0052

To Defendant:

General Counsel
Air Products LLC
7201 Hamilton Blvd.
Allentown, PA 18195-1501

with copies to:

Todd Solodar, Esq.
Air Products LLC
7201 Hamilton Blvd.

Allentown, PA 18195-1501
Steve Morton, Esq.
Moltz Morton O'Toole LLP
106 East 6th St.
Austin, TX 78701

56.     Any Party may, by written notice to the other Parties, change its designated

notice recipient or notice address provided above.

57.     Notices submitted pursuant to this Section shall be deemed submitted

upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the

Parties in writing.

### XIV.  EFFECTIVE DATE

58.     The Effective Date of this Consent Decree shall be the date upon which

this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted,

whichever occurs first, as recorded on the Court's docket.

### XV.  RETENTION OF JURISDICTION

59.     The Court shall retain jurisdiction over this case until termination of this

Consent Decree, for the purpose of resolving disputes arising under this Decree or entering

orders modifying this Decree, or effectuating or enforcing compliance with the terms of this

Decree.

### XVI.  MODIFICATION

60.     The terms of this Consent Decree may be modified only by a subsequent

written agreement signed by all the Parties.  Where the modification constitutes a material

change to this Decree, it shall be effective only upon approval by the Court.

## XVII.  TERMINATION

61.      After Defendant (a) has submitted the certifications provided in

Paragraphs 12, 14, and 17; (b) has been in compliance with the provisions of Section V and

Section VI for a continuous period of one year immediately preceding the Request for

Termination; and (c) has paid the civil penalty and any accrued stipulated penalties as required by

this Consent Decree, Defendant may serve upon the United States and the State a Request for

Termination, stating that Defendant has satisfied those requirements, together with all necessary

supporting documentation.

62.      Following receipt by the United States and the State of Defendant's

Request for Termination, the Parties shall confer informally concerning the Request and any

disagreement that the Parties may have as to whether Defendant has satisfactorily complied with

the requirements for termination of this Consent Decree.  If the United States after consultation

with the State agrees that the Decree may be terminated, the Parties shall submit, for the Court's

approval, a joint stipulation terminating the Decree.  The Parties shall endeavor to make such

submission within 45 days after receiving the Request for Termination.  Upon termination of this

Decree by the Court, Defendant shall have no further obligations pursuant to this Consent

Decree, except for those described in Paragraphs 38 and 39 of this Decree.

## XVIII.  PUBLIC PARTICIPATION

63.      This Consent Decree shall be lodged with the Court for a period of not less

than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7 and TEX.

WATER CODE § 7.110.  The United States and the State each reserve the right to withdraw or

withhold its consent if the comments regarding the Consent Decree disclose facts or

considerations indicating that the Consent Decree is inappropriate, improper, inadequate, or inconsistent with the law.  Defendant consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States or the State has notified Defendant in writing that it no longer supports entry of the Decree.

## XIX.  SIGNATORIES/SERVICE

64.    Each undersigned representative of Defendant and the State and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

65.    This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XX.  INTEGRATION

66.    This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation,

inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XXI.  FINAL JUDGMENT

67.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States, the State, and Defendant.

## XXII.  APPENDICES

68.     The following Appendices are attached to and part of this Consent Decree: Appendix A (Paragraph 12 certification letter), Appendix B (Paragraph 14 certification letter), and Appendix C (Paragraph 17 certification letter).

Dated and entered this *29th* day of *October*, 2010.

UNITED STATES DISTRICT JUDGE
Southern District of Texas

FOR PLAINTIFF UNITED STATES OF AMERICA:


IGNACIA S. MORENO                                    Date: 8/23/10
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice


DEBORAH A. GITIN                                     Date: 8/25/10
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
301 Howard St., Suite 1050
San Francisco, CA 94105
MA Bar #645126
Phone: (415) 744-6488
Fax: (415) 744-6476
Email: deborah.gitin@usdoj.gov

FOR PLAINTIFF UNITED STATES OF AMERICA:


JOSÉ ANGEL MORENO
United States Attorney
Southern District of Texas


*Keith Edward Wyatt* /s/ EGL                    Date: 8/25/10
KEITH EDWARD WYATT
Assistant U.S. Attorney
Chief, Civil Division
U.S. Attorney's Office
919 Milam Street, Suite 1500
P.O. Box 61129
Houston, Texas 77208
Texas Bar No. 22092900
Federal Bar No. 3480
Telephone: (713) 567-9713
Fax: (713) 718-3303
Email: keith.wyatt@usdoj.gov

28

FOR THE ENVIRONMENTAL PROTECTION AGENCY:

Date: 8/18/10

CYNTHIA GILES
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Washington, DC  20460

Date: Aug 13, 2010

ADAM KUSHNER
Director, Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Washington, DC  20460

FOR THE ENVIRONMENTAL PROTECTION AGENCY:


Date: 8/17/10

AL ARMENDARIZ
Regional Administrator
U.S. Environmental Protection Agency
Region VI
1445 Ross Ave.
Dallas, TX 75202


Date: 17 August 2010

JEFFREY PAGE
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region VI
1445 Ross Ave.
Dallas, TX 75202

FOR PLAINTIFF THE STATE OF TEXAS, ON BEHALF OF THE TEXAS COMMISSION
ON ENVIRONMENTAL QUALITY:


*J. H. Edwards*                                    Date: _Sept. 28, 2010_

THOMAS H. EDWARDS
Assistant Attorney General
Tex. Bar No. 06461800
S.D. Tex. No. 152099

MARK L. WALTERS
Assistant Attorney General
Tex. Bar No. 00788611
S.D. Tex. No. 18109

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 463-2012
Fax: (512) 320-0052

FOR DEFENDANT AIR PRODUCTS LLC:

Date: _8/13/10_

JOHN D. STANLEY
Vice President
Air Products LLC
7201 Hamilton Blvd.
Allentown, PA 18195-1501

32

**Appendix A**

[Air Products LLC Letterhead]

[Date]

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, D.C.  20044-7611


RE:    Air Products LLC Pasadena, Texas; DOJ No. 90-7-1-09206

Dear Sir/Madam:

In accordance with Paragraph 12 of the Consent Decree resolving the matter United States of America and State of Texas v. Air Products LLC, Civil Action No._____ ("Consent Decree"):

A.    As of the effective date of the Consent Decree and since September 5, 2009, Air Products LLC ("Air Products") has not sent spent sulfuric acid to Agrifos Fertilizer, Inc ("Agrifos").

1. On September 5, 2009, the flow of sulfuric acid into the dedicated pipeline from the Air Products Pasadena, Texas facility to the Agrifos facility ("Pipeline") was permanently suspended.

2. On December 4, 2009, the Pipeline was decommissioned by disconnecting it from the Air Products Pasadena facility's process pump and piping system, flushing with water and capping it at each end.

B.    Prior to the termination of the Consent Decree pursuant to Section XVII, Air Products will ensure compliance with the provisions of Paragraph 12 of the Consent Decree relating to not sending spent sulfuric acid hazardous waste for treatment, storage, disposal, use in a manner constituting disposal (as that term is defined in 40 CFR 266.20 and 261.2 (c) (1)) or incorporation into a product that is so used, to any other facility that does not possess appropriate RCRA authorization to receive it, by only sending spent sulfuric acid hazardous waste to a facility that has appropriate RCRA authorization to receive it, if ever required, and completing and maintaining hazardous waste manifests for such spent sulfuric acid hazardous waste in accordance with all applicable laws.

I certify under penalty of law that this document was prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information

submitted is, to the best of my knowledge and belief, true, accurate, and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

Very truly yours,

AIR PRODUCTS LLC


By:_____
Name:_____
Title:_____

cc:   Deborah Gitin
      Jeffrey Page
      Ragan Broyles
      Stephanie Bergeron Perdue
      Thomas Edwards

**Appendix B**

[Air Products LLC Letterhead]

[Date]

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, D.C.  20044-7611

RE:      DOJ No. 90-7-1-09206

Dear Sir/Madam:

As of this date, Air Products LLC ("Air Products") certifies that all of the tanks containing hazardous waste at its Pasadena, Texas facility ("Facility") are labeled in accordance with the requirements of the Texas hazardous waste regulations contained in 30 Texas Administrative Code Chapter 335 and corresponding federal regulations.  Prior to the termination of the 2010 Consent Decree, in the event that Air Products shall require on-site storage of any spent sulfuric acid hazardous waste it will use additional storage tanks that are in compliance with applicable federal and Texas hazardous waste regulations.

I certify under penalty of law that this document was prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted.  Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

Very truly yours,

AIR PRODUCTS LLC

By:_____
Name:_____
Title:_____

cc:     Deborah Gitin
        Jeffrey Page
        Ragan Broyles

35

Stephanie Bergeron Perdue
Thomas Edwards

## Appendix C

[Air Products LLC Letterhead]

[Date]

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, D.C.  20044-7611

RE:    DOJ No. 90-7-1-09206

Dear Sir/Madam:

In accordance with Paragraph 17 of the Consent Decree resolving the matter United States of America and State of Texas v. Air Products LLC, Civil Action No._____("Consent Decree"):

As of this date, the one year anniversary of the Effective Date of the Consent Decree, Air Products LLC ("Air Products") has been in compliance with the provisions of Paragraph V of the Consent Decree since the Effective Date of the Consent Decree.

I certify under penalty of law that this document was prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted.  Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

Very truly yours,

AIR PRODUCTS LLC

By:_____
Name:_____
Title:_____

cc:    Deborah Gitin
       Jeffrey Page
       Ragan Broyles

Stephanie Bergeron Perdue
Thomas Edwards